## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NORMAN JOHNSON (R-10495),

     Petitioner,

v.

DAVID GOMEZ, WARDEN,

     Respondent.

**Case No.: 1:17-cv-03997**

**The Hon. John F. Kness**

State Court Conviction
Case No. 09 CR 1017701

## PETITIONER'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO OPEN LIMITED DISCOVERY

## INTRODUCTION

Petitioner's motion for leave to conduct discovery should be granted. Pursuant to the rules that govern petitions under 28 U.S.C. § 2254, as good cause exists to authorize Petitioner to conduct discovery. The discovery would be a written request to obtain trial counsel's file in this matter, and set the depositions of Petitioner's two trial attorneys.

There is insufficient evidence in the current record to determine or explain the decision of Petitioner's trial counsel, Ruth McBeth, to not call to testify at the trial a third-party exculpatory eyewitness, Andrew Sanford, to testify at Petitioner's criminal trial for murder. Mr. Sanford would have testified that he knew Norman Johnson from the neighborhood, and would have recognized Norman if he was one of the shooters. Mr. Sanford would have further stated that Norman Johnson was not one of the shooters. Petitioner's counsel has contacted Ms. McBeth to attempt to

obtain her testimony without success. Without Ms. McBeth's testimony regarding her decision not to call Mr. Sanford to testify, which likely would have provided material exculpatory eye witness testimony, Petitioner's 28 U.S.C. § 2254 petition for ineffective assistance of counsel cannot fairly be resolved.

Petitioner can demonstrate a colorable claim for relief if the requested discovery is granted. The testimony of Ms. McBeth may show deficient performance under the *Strickland* standard as requested by this Court. Additionally, it appears that Petitioner's trial counsel had the unreasonable expectation that the State would call Mr. Sanford to testify because his testimony would have harmed the State's case. If the fact record is fully developed, it is clear that Ms. McBeth's reliance on the State to call a witness - who would have been detrimental to the State's case - was unreasonable and fell below the standard guaranteed by the Sixth Amendment that a criminal defendant be afforded effective assistance of counsel.

For the aforementioned reasons, Petitioner shows good cause for this Court to permit leave to open limited discovery so that Petitioner may issue subpoenas pursuant to Fed. R. Civ. P. 45 commanding attendance at a deposition and a subpoena duces *tecum* to request document production.

## BACKGROUND

Petitioner was convicted in Cook County for the shooting death of Jerrell Jackson in 2011. Petitioner is challenging his conviction pursuant to 28 U.S.C. § 2254. Petitioner claims that he was afforded ineffective counsel at trial because his trial attorneys failed to call exculpatory eyewitness, Andrew Sanford to testify at trial. If

Mr. Sanford was called to testify at trial, he would have testified that Petitioner could not have been the shooter based on distinct differences of physical characteristics between Petitioner and the shooters. (Dkt. 9-1).

No physical evidence was presented at trial linking Petitioner to the shooting. (Trial Tr. BB-16). The evidence against Petitioner amounted to (1) eye witness testimony from Jason Coley (co-conspirator), Margaret Faulkner (bystander), and Doug Johnson (intended target); (2) testimony from investigators describing the eyewitnesses' identification of Petitioner; and (3) Coley's videotaped confession admitting he was the main shooter and that Petitioner was his co-conspirator who also discharged a firearm. *People v. Johnson*, 994 N.E.2d 962, 964-68 (Ill. App. Ct. 2013); *People v. Johnson*, 2016 IL App (1st) 142544-U at ¶¶ 3-23 (Ill. App. Ct. 2016) (post-conviction appeal).

Petitioner's defense at trial was that he was with his girlfriend, English Wilson, at Wilson's apartment the entire night of the shooting. (Trial Tr. A-127-29). This was corroborated by Diontae Sanders.

At trial, Petitioner's trial counsel mistakenly believed that the prosecutor mentioned Andrew Sanford during opening statements, and so told the jurors in her opening statement that Mr. Sanford "was in the best position to see who these shooters were" because he "was looking out his window." (Trial Tr. BB-18). Petitioner's counsel also mentioned to the jurors in opening that Mr. Sanford took part in a physical lineup, recognized Petitioner from the neighborhood, and asserted that Petitioner was not present at the scene and that Mr. Sanford would know if

Petitioner was one of the shooters. *Id.* Neither the State nor Petitioner's trial counsel called Andrew Sanford to testify. At closing arguments, Petitioner's trial counsel mentioned that Mr. Sanford, the third victim struck by a bullet that night, resided on the west side of the street and had a perfect view for looking out the window and seeing who did this, "and yet the State did not call him." (Dkt. 36, pg. 706). The record does not indicate that Petitioner's trial counsel ever sought a missing witness instruction.

One of the few statements in the record regarding the decision by Petitioner's trial counsel not to call Mr. Sanford to testify is: "[F]or two years…she gave it some thought and decided that she wanted the State to do it." *Id.* at 52.

## LEGAL STANDARD

A habeas petitioner may conduct discovery, subject to the Court's discretion, if the petitioner: (1) [makes] a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) [shows] 'good cause' for the discovery." *Hubanks v. Franks*, 392 F.3d 926, 933 (7th Cir. 2004) (citations omitted) A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the Judge in the exercise of his discretion and for good cause shown grants leave to do so… Rules governing § 2254 Cases and Rule 6(a).

"Good cause" is defined as specific allegations that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is [] entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris*, 394 U.S. at

300). A court's "[d]enial of an opportunity for discovery is an abuse of discretion when the discovery is necessary to fully develop the facts of the claim." *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). Where there are specific allegations before the court that demonstrate a petitioner may be confined illegally if the facts were fully developed, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris*, 394 U.S. at 300.

Of significance, "[t]he standard [for discovery] is not a demanding one." *U.S. ex rel. Pecoraro v. Page*, No. 97-C-5361, 1998 WL 708856, at *1 (N.D. Ill. Sep. 30, 1994) (citing *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991)). And "the Court should not hesitate to allow habeas discovery where it will help illuminate the issues underlying the applicant's claim." *Id.*

## ARGUMENT

### A. Discovery Sought.

As detailed in his Petition, Petitioner's post-conviction claim is that he received ineffective assistance of counsel for his trial attorney's failure to call an exculpatory eyewitness to testify at Petitioner's 2011 criminal trial for the shooting death of Jerrell Jackson. However, the record contains insufficient evidence as to the deficiency of trial counsel's performance at Petitioner's trial. Therefore, Petitioner makes the following limited requests to properly develop the record and support the allegations that serve the basis of his ineffective assistance of counsel claim:

### (1) Subpoena for Oral Examination.

Petitioner respectfully requests leave to issue a deposition subpoena to Ruth A. McBeth, Kelly McCarthy, Petitioner's trial counsel, Investigator Thomas, and other witnesses as needed.

### (2) Request for Production.

Petitioner also respectfully requests leave to issue a subpoena to the Cook County Public Defender's Office seeking production of the following documents:

> All documents concerning, relating to, referring to, or applicable to any discussion, investigation, strategizing, or otherwise related to the case *People v. Norman*, 09 CR 1017701 concerning the decision regarding whether to call exculpatory eyewitness Andrew Sanford to testify at Petitioner's criminal trial for the shooting death of Jerrell Jackson in 2011.

The documents of the Cook County Public Defender are not work-product because these documents are not sought by an adversary of the attorney's client. Fed. R. Civ. P. Rule 26(b)(3). Thus, work-product does not apply where a client seeks access to documents created by his attorney during the course of representation. *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982); *Gottlieb v. Wiles*, 143 F.R.D. 241, 247 (D. Colo. 1992) ("[A]n attorney may not withhold work product from his own client"); *Martin v. Valley Nat'l Bank*, 140 F.R.D. 291, 320 (S.D.N.Y 1991) (asserting that *Hickman's* rationale is inapplicable to an attorney's withholding of work-product from a client).

Here, documents including police reports, witness statements, or investigation notes of Andrew Sanford will provide essential insight and critical background regarding trial counsel's decision not to call Sanford to testify. Indeed, the reasoning of Petitioner's trial counsel's attorney not to call Andrew Sanford to

testify at trial cannot readily be understood without reviewing her personal impressions of Andrew Sanford. Petitioner's current counsel has finally opened a dialogue with Ms. McBeth in recent weeks. However, the trial at-issue occurred in January of 2011, and Ms. McBeth cannot reasonably be expected to recall every detail of the trial. The documents are imperative to provide information for Petitioner to lay out his claim that Ms. McBeth's decision not to call Andrew Sanford to testify was deficient performance by trial counsel. Therefore, the requested documents are not work-product and Petitioner has a right to obtain them from trial counsel.

**B. Petitioner has a Colorable Claim and Good Cause to Permit Discovery.**

Petitioner can show that the underlying facts, if proven, amount to a constitutional violation. What little there is on the record of Petitioner's trial attorney's decision not to call Andrew Sanford, indicates that Ms. McBeth wanted the testimony of Andrew Sanford, but she wanted the State to call him so that she could cross-examine him. However, Ms. McBeth never modified her approach after the State rested their case-in-chief without calling Mr. Sanford to testify. Mr. Sanford was one of the victims in the shooting, yet there is nothing in the record that shows Ms. McBeth attempted to call Mr. Sanford as an adverse witness so she could obtain Mr. Sanford's testimony as if proceeding on cross-examination. This demonstrates that Ms. McBeth had no alternative plan to elicit the testimony of Mr. Sanford, other than to hope that the State would call Mr. Sanford to testify. The reason Ms. McBeth may have mentioned the State's failure to call Mr. Sanford at closing arguments may have merely been an attempt to rectify her mistake of not calling Mr. Sanford and

adjusting on the fly, rather than a calculated trial strategy. This is shown by the fact that there is nothing on the record indicating that Ms. McBeth's attempted to obtain a missing witness instruction. As further indicia of the absence of a coherent strategy regarding Mr. Sanford, trial counsel erroneously believed the prosecution mentioned Mr. Sanford during the State's opening arguments. (Trial Tr. BB-18).

Additionally, there was no physical evidence that could connect Petitioner to the crime. (Trial Tr. BB-16). Petitioner was linked to the crime by three individuals: (1) Margaret Faulkner; (2) Jason Coley, both of whom have since recanted their testimony; and (3) Doug Johnson, who stated at trial he was never able to visually identify any of the shooters because he started running and closed his eyes when he heard gunshots. (Trial Tr. BB-141). Calling Andrew Sanford to testify, who in Ms. McBeth's own words was a "solid citizen," would have had a substantial effect in contradicting the State's case against Petitioner. (Trial Tr. DD-30). Andrew Sanford was a material exculpatory witness who would have been able to support Petitioner's alibi defense, rather than contradict the theory of Petitioner's defense.

Viewing the aforementioned facts in their totality, Petitioner's trial attorney's performance could reasonably be said to have fallen below the constitutional threshold for effective assistance of counsel. Her inattention at opening statements and failure to offer Andrew Sanford as a witness, who was markedly more consistent in his statements than the State's witnesses, to rebut the testimony of Jason Coley, Doug Johnson, and Margaret Faulkner, each of whom changed their story a multitude of times. If these facts were proven, it would amount to a

constitutional violation for ineffective assistance of counsel. Therefore, Petitioner has laid out a colorable claim that, if proven, would constitute a constitutional violation.

Here, good cause to open discovery exists. Petitioner has specified the specific circumstances that have abridged his constitutional rights. Petitioner has specified the methods of discovery and the specific information that he needs to adequately develop the record so that there is sufficient record evidence to assess Petitioner's § 2254 petition for ineffective assistance of counsel. Importantly, Petitioner had requested access to portions of his trial file in 2013 during his State post-conviction claim, but was categorically denied by the Public Defender's Office. A true and correct copy of that denial letter is attached herein as Exhibit "A". This is troubling because the file belongs to Petitioner, yet he received a denial because of the Cook County Public Defender's "policy" which appears to be in direct contravention to well stated law. *See People v. Dixon*, 2019 IL App (1st) 160443, ¶¶ 36-43 (2019) (reversing and remanding trial court because post-conviction Petitioner's request for the trial file cannot be thwarted by work-product doctrine given nature of his ineffectiveness claims that call into question defense counsel's strategy); *Spivey*, 683 F.2d at 886; Fed. R. Civ. P. 26(b)(3); Restatement (Third) of The Law Governing Lawyers § 46(2) (2011); Ill. Sup. Ct. Rule 201(b).

In addition, this Court issued an order on May 20, 2021 concerning whether supplemental record evidence has been established regarding the decision of Petitioner's trial counsel not to call third-party Andrew Sanford as a trial witness. The undersigned counsel has made multiple attempts in past years to contact

Petitioner's trial counsel, but have been unsuccessful until recently. A record of evidence material to the resolution of the case *sub judice* on the merits of the ineffective assistance of counsel claim alleged could be developed if leave for discovery is granted.

Moreover, there is only a minimal burden as a result of this limited discovery request. The oral deposition of Ms. McBeth will be limited strictly to the topic of the decision to not call Andrew Sanford to testify at trial and the reasons surrounding that decision. Petitioner will also work with Ms. McBeth's schedule to minimize any inconvenience. Also, the documents that Petitioner requests from the Cook County Public Defender's Office are presumably within their control.

Petitioner is serving 40 years for a crime in which two of the State's material eyewitnesses have since admitted their testimony was untrue. The need for limited discovery outweighs the detriments. In light of the fact that the threshold for allowing discovery is low, it is appropriate for the Court to permit discovery when doing so would bring much needed information that cannot otherwise be obtained and allow this Court to properly assess Petitioner's claim of ineffective assistance of counsel, more specifically, the deficient performance prong of the *Strickland* standard.

**WHEREFORE**, Petitioner respectfully request that this Court enter an order granting leave to obtain discovery, pursuant to Rule 6(a) of the Rules Governing § 2254 Cases, and for any other equitable and just relief.

Respectfully submitted,

**NORMAN JOHNSON**

/s/ J. Damian Ortiz
One of the attorneys for Petitioner

J. Damian Ortiz / ARDC No. 6243609
Hugh Mundy / ARDC No.
Christopher Dallas / 711 Law Student
Tareq Alosh / 711 Law Student
James Edwards / 711 Law Student
**UIC JOHN MARSHALL LAW SCHOOL**
**PRO BONO LITIGATION CLINIC**
315 S. Plymouth Street
Chicago, Illinois 60604
Tel: 312-493-6700
jdortiz@uic.edu

Attorneys for Petitioner