IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN JOHNSON, R10495, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 17 C 3997 |
| | ) | |
| DAVID GOMEZ, Warden, | ) | |
| Stateville Correctional Center, | ) | The Honorable |
| | ) | John F. Kness, |
| Respondent. | ) | Judge Presiding. |

**Response to Motion for Leave to Open Limited Discovery**

Respondent responds to petitioner Norman Johnson's Motion for Leave to Open Limited Discovery and his supporting memorandum, Docs. 50 & 50-1. This Court should deny the motion because petitioner has not met the requirements of 28 U.S.C.A. § 2254(e)(2) or Rule 6 of the Rules Governing Section 2254 Cases.

**Background**

A Cook County jury found petitioner guilty of murder. The trial evidence showed that petitioner and Jason Coley shot at Douglas Johnson because of an ongoing dispute between Coley and Johnson; Johnson was injured, and a bystander, Jerrell Jackson, was killed. *See People v. Johnson*, 2016 IL App (1st) 142544-U, ¶¶ 3-5.

Petitioner filed a postconviction petition in state court, alleging that his trial counsel was constitutionally ineffective for failing to call at trial an eyewitness,

Andrew Sanford, who also was shot while in a nearby apartment. *See id.* ¶ 24. The state courts rejected the claim because petitioner failed to support his petition with an affidavit from Sanford. *Id.* ¶¶ 35-42.

Petitioner filed the present § 2254 petition raising the same claim of ineffective assistance of trial counsel. *See* Docs. 1 & 10. In response to this Court's order directing him to demonstrate why his claim was not procedurally defaulted, petitioner argued that this Court should excuse his default because he is actually innocent of the crime and attached an affidavit from Sanford. *See* Doc. 9 at 5; Doc. 9-1. Additionally, petitioner attached to his reply to respondent's response to the habeas petition an affidavit of Coley recanting his prior statements to police and trial testimony implicating petitioner. *See* Doc. 16-1.

This Court issued an order stating that in "the ordinary case, federal courts should determine whether a petitioner has met an exception to procedural default before addressing the merits of his constitutional claim. But that approach is not mandatory if the claim's merits are more 'easily resolvable.'" Doc. 47 at 6 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)); *see also id.* at 6-7 (resolution of whether actual innocence exception applies unnecessary where merits decision "is much clearer"). Given the "potentially-preclusive effect" of a determination either on "the entire actual-innocence issue" or "factual findings," *id.* at 6, this Court provided the parties an opportunity "to elaborate on the investigation by defense counsel (if any) into Sanford as a potential trial witness, as well as the strategic

2

choices (if any) that underlay the decision not call Sanford at trial" and provide "contours of how to address" these issues, *Id.* at 8.

Petitioner now seeks leave to depose "Ruth A. McBeth, Kelly McCarthy, Petitioner's trial counsel, Investigator Thomas, and other witnesses as needed." Doc. 50-1 at 6. Petitioner also wishes to subpoena the Cook County Public Defender's Office for production of the following documents:

> All documents concerning, relating to, referring to, or applicable to any discussion, investigation, strategizing, or otherwise related to the case *People v. Norman* [*Johnson*], 09 CR 1017701 concerning the decision regarding whether to call exculpatory eyewitness Andrew Sanford to testify at Petitioner's criminal trial for the shooting death of Jerrell Jackson in 2011.

*Id.* at 6. Petitioner states that he has "opened a dialogue with" trial counsel but has not disclosed what counsel has stated, only that she "cannot reasonably be expected to recall every detail of the trial." *Id.* at 7.

## Argument

**I. Petitioner Should Not Be Permitted to Supplement the Record with Evidence that He Failed to Present to the State Appellate Court Because He Has Not Satisfied Section 2254(e)(2).**

The Supreme Court has made clear that a state prisoner cannot seek relief based on new evidence, with or without an evidentiary hearing, without meeting the requirements of 28 U.S.C.A. § 2254(e)(2). *Holland v. Jackson*, 542 U.S. 649, 653 (2004). Under Section 2254(e)(2), if a habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings, the [federal District C]ourt shall not hold an evidentiary hearing on the claim unless" petitioner can show that the claim relies on (A)(i) "a new rule of constitutional law" or (ii) "a factual predicate

3

that could not have been previously discovered through the exercise of due diligence," and (B) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C.A. § 2254(e)(2). In *Holland*, the Supreme Court held that the petitioner could not obtain habeas relief on a claim of ineffective assistance of counsel based on a statement from a witness counsel had not investigated because that statement had not been before the state court and the petitioner had not demonstrated that he satisfied Section 2254(e)(2). 542 U.S. at 653; *see also Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.").

As the Seventh Circuit has explained, "[b]ecause § 2254(e)(2) restricts a petitioner's attempts to supplement the factual record, [petitioner] must satisfy that provision's requirements before he may place new factual information before the federal court." *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001). Thus, when a petitioner seeks to use discovery to supplement the factual record — i.e., for the same purpose as an evidentiary hearing — he must satisfy Section 2254(e)(2). *Id.* ("Regardless of the procedural device through which Mr. Boyko seeks to accomplish this goal, he is asking that a federal court evaluate the merits of factual matters never presented to the state courts."); *see also Tabb v. Christianson*, 855 F.3d 757,

4

763-64 (7th Cir. 2017) (citing 28 U.S.C. § 2254(e)(2) in setting forth requirements for obtaining discovery).

Here, petitioner has made clear that his goal is to have this Court evaluate his ineffective assistance of counsel claim (and his actual innocence claim) in light of the new evidence that he never presented in state court but that he has attached to his federal habeas filings or will obtain via discovery, either with or without an evidentiary hearing. *See* Doc. 46 at 5 ("This Court now has Andrew Sanford's Affidavit to consider among other new evidence. Thus, [petitioner] is entitled to an evidentiary hearing, at the very least."); Doc. 46 at 9 (petitioner stating that he "anticipates offering text messages" at an evidentiary hearing from a witness that he neither presented to state court nor included in his federal habeas petition); *see also Boyko*, 259 F.3d at 790 (petitioner's "ultimate goal in this case is to introduce the [discovery] into the record and to have a federal court evaluate his ineffective assistance of counsel claims in light of" it). Thus, petitioner cannot obtain relief based on information obtained pursuant to discovery (or Sanford's affidavit) without satisfying Section 2254(e)(2).

Petitioner has satisfied neither prong (A) nor (B) of Section 2254(e)(2), while he needs to do both before obtaining discovery. His claim does not rely on any new rule of constitutional law. *See* 28 U.S.C.A. § 2254(e)(2)(A)(i). Nor was Sanford as a potential witness a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C.A. § 2254(e)(2)(A)(ii). Not only was Sanford petitioner's longtime family friend, *see* Doc. 9-1 at 1-2, petitioner has

5

alleged that he spoke with trial counsel regarding whether to call Sanford as a witness before trial, *see* Doc. 36 at 52, and raised the claim in his postconviction petition, *see also* Doc. 36 at 37.  The factual predicate was well known, petitioner simply failed to diligently develop the record.  *See also* 725 ILCS 5/122-2 ("The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached.").

      Petitioner did attach a "proposed affidavit" from Sanford to his motion to reconsider the dismissal of his postconviction petition, *see* Doc. 36 at 82, but this was insufficient.  First, the state appellate court explained that petitioner neither attached the "proposed affidavit" to his postconviction petition nor asserted in that petition that he could not obtain an affidavit from Sanford because they were both incarcerated, thereby forfeiting this argument.  *People v. Johnson*, 2016 IL App (1st) 142544-U, ¶ 39; *see also* 725 ILCS 5/122-3 ("Any claim of substantial denial of constitutional rights not raised in the original or an amended [postconviction] petition is waived.").  And the state appellate court further explained that Illinois postconviction petitions are available only to persons imprisoned in the penitentiary, so the simple fact of incarceration was insufficient to satisfy the requirements of 725 ILCS 5/122-2.  *People v. Johnson*, 2016 IL App (1st) 142544-U, ¶ 39 (citing 725 ILCS 5/122-1(a)).  Thus, petitioner has failed to satisfy prong (A).

      He also has not satisfied prong (B), because he has not established that the "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would

6

have found the applicant guilty of the underlying offense." 28 U.S.C.A. § 2254(e)(2). Petitioner cannot meet this demanding standard because the trial evidence was strong, and Sanford's proposed testimony is not. The trial evidence included corroborating eyewitness testimony from a bystander (Margaret Faulkner), a victim (Douglas Johnson), and a codefendant (Jason Coley), all of which was consistent with the physical evidence. Meanwhile, even if Sanford had testified at trial as suggested by his affidavit, that would merely be a longtime family friend conceding that he could not see the shooters' faces but that none appeared to be petitioner's height. *See* Doc. 9-1 at 1-2; *See* Doc. 40 at 4-8 (respondent's surresponse discussing strength of trial evidence). Thus, petitioner has satisfied neither prong of Section 2254(e)(2), and his request for discovery — made for the purpose of presenting new evidence that he failed to present to the state court so this Court may evaluate his claim — should be denied.

II. **Permitting Petitioner to Exhaust His Actual Innocence Claim and Develop the Record in State Court Is More Consistent with Section 2254 than Allowing him to Pursue Discovery in This Federal Collateral Proceeding.**

As "a general rule, federal habeas petitions must be decided on state court records." *Tabb*, 855 F.3d at 763 (citing *Cullen v. Pinholster*, 563 U.S. 170, at 182 (2011)). AEDPA requires that prisoners must "ordinarily exhaust state remedies before filing for federal habeas relief. It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Pinholster*, 563 U.S. at 182.

7

This Court should stay these proceedings and permit petitioner to seek leave to file a successive postconviction petition in state court. Petitioner has neither exhausted his actual innocence claim in state court nor presented the Sanford affidavit or his other evidence of actual innocence to the state courts. *See* Doc 47 at 6 (where this Court noted that actual innocence "evidence was not presented to the Illinois courts"). Petitioner should not be permitted to engage in discovery in federal court before he does so.

Staying these proceedings would not only prevent any potentially preclusive effects of findings by this Court, it would allow petitioner to remedy the lack of a relevant record, for which he bears responsibility. As discussed above, petitioner alleges that his counsel was ineffective for failing to call Sanford as a witness, but he failed to attach an affidavit from Sanford to his state postconviction petition, and it was on that basis that the state courts denied his claims. *See supra* p. 1-2; *Johnson*, 2016 IL App (1st) 142544-U at ¶¶ 35-42.

And petitioner could still return to state court to develop such a record. While Illinois law generally allows the filing of only one postconviction petition, that bar is relaxed if petitioner can set forth (1) cause for his failure to properly support his claim in his initial petition and prejudice from that failure or (2) a colorable claim of actual innocence. *See* 725 ILCS 5/122-1(f); *People v. Robinson*, 2020 IL 123849, ¶ 44. This Court should require petitioner to attempt to use his now obtained affidavits in state court first, where he is supposed to exhaust his claims, before authorizing discovery in federal court. That is particularly true where

granting petitioner's discovery requests would demonstrate that the merits of his claim are not "easily resolvable" or "much clearer" than resolving his actual innocence claim.

### III. Discovery Is Inappropriate Under Rule 6(a) of the Rules Governing Section 2254 Cases.

Separate from Section 2254(e)(2), to obtain discovery, petitioner "must (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show 'good cause' for the discovery." *Tabb*, 855 F.3d at 763-64; *see also* Rule 6(a), Rules Governing Section 2254 Cases. Petitioner may show good cause where "specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). Good cause "cannot exist where the facts alleged do not provide a basis for relief." *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004). The factual allegations "must not be speculative or conclusory because discovery is not intended to be a fishing expedition." *Higgason v. Lemmon*, 6 F. App'x 433, 436 (7th Cir. 2001); *see also Jones v. United States*, 231 F. App'x 485, 488 (7th Cir. 2007) ("speculation does not constitute good cause").

For two reasons, the requested discovery is inappropriate under Rule 6(a). First, because his claim is procedurally defaulted, he could only obtain relief if he could establish actual innocence, which he cannot do. Second, petitioner's allegations regarding his ineffective assistance claim are speculative and would not entitle him to relief.

9

### A. Petitioner cannot demonstrate actual innocence, precluding review of his defaulted claim.

Discovery is only appropriate in this case if petitioner can demonstrate that he will be entitled to relief if the facts are fully developed. *Bracy*, 520 U.S. at 908-09. But this Court has already stated, and petitioner has acknowledged, that his ineffective assistance claim is defaulted, and merits review can occur only if he can demonstrate actual innocence. Docket 47 at 3-4. This he cannot do.

To establish actual innocence, petitioner must present new evidence and show that "it is more likely than not that no reasonable juror would have convicted him in the light of" it. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). It "bears repeating that the *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Petitioner cannot meet this demanding standard because, as discussed above, the trial evidence was strong, and his new evidence is not. *See supra* p. 6-7; *see also* Doc. 40 at 4-8 (respondent's surresponse demonstrating that petitioner has not sufficiently demonstrated actual innocence to excuse his default). Petitioner could not meet the *Schlup* standard even if his witnesses evenly matched the prosecution's, which they do not. *See Blackmon v. Williams*, 823 F.3d 1088, 1102 (7th Cir. 2016) (even if petitioner could establish "balance between inculpatory and exculpatory witnesses, [it was] not enough to meet the demanding *Schlup* standard for actual innocence"); *Smith v. McKee*, 598 F.3d 374, 388 (7th Cir. 2010) (two exculpatory eyewitnesses insufficient to demonstrate actual innocence when countering State's two inculpatory eyewitnesses). Because petitioner will not be

10

entitled to relief even if the facts are fully developed, this Court should deny his discovery requests. *See Thompson v. Larson*, No. 18-4387, 2021 WL 76829, at \*13 (N.D. Ill. Jan. 8, 2021) ("Petitioner has not shown good cause for discovery. The claims are time barred, so discovery in support of untimely claims would not move the ball forward.").

### B. Petitioner's allegations regarding his ineffective assistance claim are speculative and would not entitle him to relief.

To prevail on an ineffective assistance claim, petitioner must show both that counsel's performance was deficient and that counsel's alleged deficiency prejudiced him. To establish deficient performance, petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). To establish prejudice, petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner's factual allegations with respect to deficient performance are entirely speculative and do not rebut the presumption that counsel's conduct might be considered sound trial strategy. This is insufficient under *Bracy*. There, the claim was actual judicial bias based on established proof that the petitioner's trial judge had accepted bribes in criminal cases. 520 U.S. at 901, 907. While

11

"[o]rdinarily, we presume that public officials have properly discharged their official duties," that "presumption [was] soundly rebutted" in *Bracy* because the judge had been convicted of bribery. *Id.* at 909 (internal quotation marks omitted). The Supreme Court stated that had the presumption not been soundly rebutted, it would have upheld the lower court's denial of discovery. *See id.* ("Were it possible to indulge this presumption here, we might well agree with the Court of Appeals that petitioner's submission and his compensatory-bias theory are too speculative to warrant discovery.").

Here, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that the "challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *see also Harrington*, 562 U.S. at 104. And petitioner has not rebutted this presumption, much less soundly so.

Petitioner has alleged that trial counsel told him that "she gave [calling Sanford as a witness] some thought and decided that she wanted the State to do it." Doc. 36 at 52. The evidence at trial then indicated that Sanford was at or near his window while the shooting occurred, and counsel emphasized in closing argument that the prosecution nevertheless did not call him as a witness. Doc. 36 at 363-64, 651-52, 706-07. This suggests that counsel believed it was more valuable to have the prosecution call Sanford, and if it did not do so then to sow doubt with the jury about why not. This is consistent with the fact that that Sanford was a biased witness (longtime family friend of petitioner) who at best would testify that he could

12

not see the shooters' faces but that none appeared to be petitioner's height. *See* Doc. 9-1 at 1-2. Instead of rebutting this natural reading, petitioner provides mere speculation. *See* Doc. 50-1 at 7-8 ("The reason Ms. McBeth may have mentioned the State's failure to call Mr. Sanford at closing arguments *may* have merely been an attempt to rectify her mistake of not calling Mr. Sanford and adjusting on the fly, rather than a calculated trial strategy.") (emphasis added). That is insufficient.

Moreover, petitioner's vague description of his communication with his trial counsel does not demonstrate that if the facts are fully developed, he will be entitled to relief. Petitioner states that he has "opened a dialogue with" counsel but that she "cannot reasonably be expected to recall every detail of the trial." Doc. 50-1 at 7. Petitioner has established neither that counsel is unwilling to convey her memories regarding Sanford nor that she has indicated discovery will provide anything to further petitioner's claim. Nor does petitioner demonstrate that his request to depose his other trial counsel, their investigator, and "other witnesses" is anything more than a fishing expedition.

Even if this speculation were sufficient regarding the deficient performance prong, petitioner could not establish prejudice. As discussed above, the trial evidence included corroborating eyewitness testimony from a bystander, a victim, and a codefendant, all of which was consistent with the physical evidence. *See supra* p. 7. There is no reasonable probability that Sanford's biased, inconclusive evidence would have made a difference to the jury. Petitioner has not demonstrated

13

good cause for opening discovery, even if he had met the requirements for Section 2254(e)(2), which he has not.

## Conclusion

This Court should deny petitioner's motion for leave to open discovery.

August 25, 2021                          Respectfully submitted,

                                                 KWAME RAOUL
                                                 Attorney General of Illinois

                     By:      s/ Eldad Z. Malamuth
                                                 ELDAD Z. MALAMUTH, Bar # 6275421
                                                 Assistant Attorney General
                                                 100 West Randolph Street, 12th Floor
                                                 Chicago, Illinois 60601-3218
                                                 CELL: (773) 590-7973
                                                 PHONE: (312) 814-2235
                                                 FAX: (312) 814-2253
                                                 EMAIL: eldad.malamuth@ilag.gov

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2021, I electronically filed respondent's **Response to Motion for Leave to Open Limited Discovery** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will automatically serve notice on counsel for petitioner, a registered CM/ECF user.

s/Eldad Z. Malamuth
ELDAD Z. MALAMUTH, Bar No. 6275421
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
CELL: (773) 590-7973
PHONE: (312) 814-2235
FAX: (312) 814-2253
EMAIL: eldad.malamuth@ilag.gov