IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN JOHNSON (R-10495) | ) | |
| | ) | |
| Petitioner, | ) | **Case No. 1:17-cv-03997** |
| | ) | |
| v. | ) | The Honorable John F. Kness |
| | ) | |
| DAVID GOMEZ, Warden, | ) | State Court Conviction |
| Stateville Correctional Center, | ) | Case No. 09 CR 1017701 |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO
MOTION FOR LEAVE TO OPEN LIMITED DISCOVERY**

Petitioner, Norman Johnson, through his attorneys of the UIC School of Law's Pro Bono Litigation Clinic, replies to Respondent's Response to Petitioner's Motion for Leave to Open Limited Discovery. In support, Petitioner states as follows:

### INTRODUCTION

Petitioner's motion for leave to conduct limited discovery should be granted. As stated by the U.S. Supreme Court, a prisoner is "entitled to discovery" where "good cause for discovery under Rule 6(a)" is shown. *Bracy v. Gramley*, 520 U.S. 899, 904, 908-09 (1997). Because Petitioner has demonstrated "good cause" for the narrowly circumscribed discovery requested here, it is "the duty of the court to provide the necessary facilities and procedures for adequate inquiry" of Petitioner's claims. *Id.* at 908-09 (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Respondent's arguments to the contrary are entirely unpersuasive. Respondent first presses the heightened standard of 28 U.S.C. § 2254(e)(2) in rebutting the instant discovery motion and claims that Petitioner has failed to meet that standard. Dkt. 54, at 3–7. Respondent takes an unfounded view of the authority it cites, and the standard of Rule 6(a) governs the instant motion. And even if Respondent's adopted standard is the appropriate one —which it is not— Petitioner would *still* be entitled to discovery.

Respondent goes even further afield in alleging that the applicable requirement under Rule 6(a) cannot be met in this case. Dkt. 54, at 9–14. Respondent bases this allegation in nothing more than its own unsubstantiated standard of law, and Petitioner's motion is proper under Rule 6(a).

Respondent finally errs in urging this Court to stay consideration of Petitioner's motion and claim. Dkt. 54, at 7–8. Because Petitioner has exhausted his claim in the courts of the State, and those courts chose to pass on his claim based solely on procedural grounds, --this is not the standard and thus this motion is proper before this Court. For the reasons given in Petitioner's motion for leave to open limited discovery, and the reasons presented below, this Court should grant Petitioner's motion for limited discovery.

**ARGUMENT**

**I.      Rule 6 Applies to The Instant Motion, And Discovery Is Proper in this Case.**

Rule 6(a) of the Rules Governing § 2254 Cases establishes that a habeas petitioner "shall be entitled" to discovery where "good cause" for discovery is shown. *See Bracy*, 520 U.S. at 904. As the Supreme Court has consistently held, "good cause" under Rule 6(a) is demonstrated where "specific allegations" made by a habeas petitioner "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .." *Id.* at 908-09 (quoting *Harris*, 394 U.S. at 300). Our own Seventh Circuit has regularly applied Rule 6(a) when reviewing the propriety of discovery in habeas proceedings, stating that the rule of *Bracy* requires only "a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation" and "'good cause' for the discovery." *Tabb v. Christianson*, 855 F.3d 757, 763 (7th Cir. 2017) (citations omitted); *see also Hubanks v. Franks*, 392 F.3d 926, 933 (7th Cir. 2004) (describing *Bracy* as outlining "the two requirements of the Rule 6(a) test" for discovery in habeas proceedings).

Petitioner has correctly noted that Rule 6(a) establishes the standard for discovery in this case, *see* Dkt. 50-1, at 4–5, and has set forth a colorable claim of a constitutional violation as required by Rule 6. *Id.* at 7–9. As detailed in the memorandum attached to the instant motion, the public defenders assigned to represent Petitioner failed to call an exculpatory witness, Andrew Sanford, at Petitioner's criminal trial. Sanford "was in the best position to see who the[ ] shooters were," and subsequently viewed a physical line up which included Petitioner. Trial Tr. BB-18. Sanford told police that he "recognized Petitioner from

3

the neighborhood and asserted that Petitioner was not present at the scene" of the shooting. *Id.* Trial counsel's failure to offer Sanford as a witness so that such exculpatory testimony could be presented to the jury is particularly acute given that no physical evidence whatsoever tied Petitioner to the crime. *See* Dkt. 50-1, at 8. Trial counsel's shortcoming is further exacerbated by the fact that the State mustered only the testimony of three eyewitnesses, whom either failed to reliably identify Petitioner as being linked to the crime or have since recanted their trial testimony. *See Id.*

There is nothing in the trial record which suggests that Petitioner's trial counsel failed to call Sanford for any strategic reason. In fact, one of the only statements given by the trial counsel is that she wanted "the State to [call]" Sanford. Dkt. 50-1, at 4. But as a general proposition, there exists no reason for the State to call any exculpatory witness who would only bolster the defense's case at trial. The only reasonable inference at this juncture, therefore, is that the failure to call Sanford was nothing short of constitutionally deficient performance by counsel at Petitioner's criminal trial. As such, and as detailed in the instant memorandum to the instant motion, Petitioner has made a colorable claim in which "the facts, if proven, constitute a constitutional violation" of Petitioner's right to effective assistance of counsel. *Tabb*, 855 F.3d at 763.

The lack of any record evidence regarding the failure to call Sanford also constitutes "good cause" for the discovery requested. Where the record does not reveal whether a seemingly deficient performance by trial counsel was in fact a

4

strategic choice, a habeas petitioner should be permitted to develop "sufficient factual information to adjudicate [his] claim . . .." *Jordan v. Hepp*, 831 F.3d 837, 849-50 (7th Cir. 2017) (holding that even an evidentiary hearing is required where the record is insufficient to resolve ineffective assistance of counsel claims).

Here, there is nothing in the record that would inform why trial counsel failed to call Sanford as a witness. And saliently, Petitioner requested his trial file from the Public Defender's Office, but that request was denied by the Office because the file supposedly constitutes attorney "work-product" that Petitioner is not entitled to. *See Dkt.* 50-1, at 6, 9. Further, Ruth McBeth, lead counsel for Petitioner at trial, has ceased communications shortly after learning of Petitioner's claim in these proceedings, while Kelly McCarthy, second chair for Petitioner during trial, has requested a copy of Petitioner's trial file before giving any statements concerning his defense. Further, the record is vague as to whether Petitioner's defense team interviewed Sanford or investigated his testimony in any detail. As such, "good cause" exists for the limited discovery requested here, which merely seeks production of Petitioner's trial file and to take the depositions of Petitioner's trial counsel and the investigator assigned to his case.

Because there exists "a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation" of ineffective assistance of trial counsel, and because "'good cause' for . . . discovery" has been demonstrated, the limited discovery requested by Petitioner should be granted by this Court. *Tabb*, 855 F.3d at 763.

5

## II.     Respondent Misunderstands the Scope of § 2254(e)(2).

Respondent argues that Petitioner's motion for discovery should be denied because "a state prisoner cannot seek relief based on new evidence, with or without an evidentiary hearing, without meeting the requirements of 28 U.S.C.A. § 2254(e)(2)." Dkt. 54, at 3. Respondent's contention is misplaced. *Bracy* and its progeny dictate the resolution of this motion and establish that a showing of "good cause" is all that is required of a habeas petitioner in order to be "entitled" to discovery. *Bracy*, 520 U.S. at 904; *see also Tabb*, 855 F.3d at 763. As Respondent would have it, Rule 6 of the Rules Governing § 2254 cases would be wiped away and the higher threshold demanded by § 2254(e)(2) would apply in *all* cases where a habeas petitioner sought to develop facts "without an evidentiary hearing." But such a proposition is not supported by the authority cited by Respondent.

In a *per curiam* opinion, the *Holland* Court principally considered whether a habeas petitioner was entitled to relief under the "'unreasonable application' clause of § 2254(d)(1)" based on newly presented evidence, not whether the petitioner was entitled to discovery. *Holland v. Jackson*, 542 U.S. 649, 652 (2004). Notwithstanding, while the Court mentioned that the petitioner's new evidence might have been developed "without an evidentiary hearing," it critically noted that the restrictions of § 2254(e)(2) would apply to such proceedings *only* where the petitioner "was at fault" or failed to be "diligent" in pursuing new evidence. *Id.* at 652-53. Because "[t]he District Court made no finding that [the petitioner] had been diligent in pursing [new] testimony," and because the appellate court did not

6

"independently inquire into [that] matter[]," the Court passed over the application of § 2254(e)(2) to the petitioner's case. *Id.* at 653.

Respondent's reliance on *Boyko* is similarly inapposite. In *Boyko*, the court reiterated that "§ 2254(e)(2)'s restrictions" are triggered *only* where a petitioner's "failure to develop the factual basis of a claim" is due to "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Boyko v. Parke*, 259 F.3d 781, 790-91 (7th Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). In the *Tabb* decision that Respondent tacks on to its arguments, nowhere did the court "cite[] 28 U.S.C. § 2254(e)(2) in setting forth requirements for obtaining discovery" as Respondent states. Dkt. 54, at 5. To the contrary, the court reiterated that *Bracy*'s two-prong test must be met "[t]o obtain discovery," and explicitly cited § 2254(e)(2) as "authorizing <u>evidentiary hearings</u> in limited circumstances." *Tabb*, 855 F.3d at 763-64 (emphasis added). Respondent's portrayal of the clear language in *Tabb* is, at best, misleading.

At bottom, neither *Holland* nor any of this Circuit's decisions support the overgeneralized proposition that the heightened threshold of § 2254(e)(2) applies *whenever* a habeas petitioner seeks to develop the factual record, as Respondent contends. Rather, these cases crystalize that when a habeas petitioner moves for discovery, the provisions of § 2254(e)(2) are triggered *only* upon a showing that the petitioner lacked diligence in seeking to develop the factual basis of his claim. *See Holland*, 542 U.S. at 652; *Boyko*, 259 F.3d 781. *See also Williams v. Taylor*, 529 U.S.

7

420, 435, 437 (2000) (holding that "only a state prisoner who has neglected his rights in state court need satisfy the[] conditions" of § 2254(e)(2)).

Here, there is neither "fault" nor lack of "diligence" attributable to Petitioner in pursuing the factual basis of his claim, thus, § 2254(e)(2) does not apply to the instant motion.

### III. Even When Applying § 2254(e)(2), Petitioner Is Still Entitled to Discovery.

Section § 2254(e)(2) limits the circumstances in which a federal court may grant an evidentiary hearing to a petitioner who has "*failed* to develop the factual basis of a claim in State court proceedings . . . ." 28 U.S.C. § 2254(e)(2) (emphasis added). The Supreme Court has explained that this opening clause of § 2254(e)(2) constitutes a threshold "initial inquiry," and "a failure" within the meaning of the opening clause requires "lack of diligence, or some greater fault, attributable to the prisoner . . . ." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). The Court has firmly established that so long as a petitioner "made a reasonable attempt, in light of the information available at the time," to develop the factual basis of his claim during state proceedings, a petitioner "is *excused* from showing compliance with the balance of the subsection's requirements," *Id.* at 435 & 437. (Emphasis added- referring to §§ 2254(e)(2)(A)–(B)).

Respondent does not allege that Petitioner "failed" to develop his claim under the opening clause of § 2254(e)(2). In fact, Respondent does not address is threshold, "initial inquiry" of the opening clause at all. *Williams*, 529 U.S. at 432. Nor could Respondent persuasively do so because Petitioner has exercised diligence in

8

pursuing the factual predicate of his claim. That much is apparent even when shoehorning Respondent's unfounded arguments concerning § 2254(e)(2)(A)(ii)—*i.e.*, one part of "the balance of the subsection's requirements," *Williams*, 529 U.S. at 437—into the threshold inquiry of § 2254(e)(2).

Petitioner raised the claim before this Court in his state post-conviction petition, and his inability to develop its factual basis was certainly no "fail[ure] to diligently develop the record." Dkt. 54, at 6. Rather, the state court summarily dismissed Petitioner's claim on procedural grounds, based on an affidavit attached to his petition that was "not notarized or signed." *People v. Johnson*, 2016 IL App (1st) 142544-U, ¶ 41.[1] Moreover, when Petitioner requested his trial file from his trial counsel, his request was denied based on the "policy" of the Public Defender's Office that such files are attorney "work-product" which clients may not review. Dkt. 50-1, at 6–7, 9. Consequently, none of the allegations made by Respondent demonstrate "fault" or a lack of "due diligence" under the Supreme Court's jurisprudence.

---

[1] Notably, it would have been impossible for Petitioner to comply with the state procedure. State prisoners are generally prohibited from sending mail to one another, and because both Petitioner and Sanford were imprisoned during the Petitioner's state post-conviction proceedings, Petitioner simply could not attach a signed and notarized affidavit from Sanford as the state courts required.

While the state appellate court held that "incarceration was insufficient to satisfy the requirements of 725 ILCS 5/122-2," Dkt. 54, at 6, a state procedure that effectively deprives a category of post-conviction petitioners a reasonable opportunity of pursuing their claims implicates whether that procedure is "adequate" under federal law. *See Lee v. Kemna*, 534 U.S. 362 (2002). However, because that issue is not directly relevant to this disposition of the instant motion, Petitioner has not expounded on the issue in this brief.

Indeed, denying Petitioner a copy of his trial file is akin to the facts the Seventh Circuit confronted in *Boyko*. The Court in that case specifically noted that there existed "the possibility that the State was delinquent in its duty to provide [petitioner] with a copy" of files he requested. *Boyko*, 259 F.3d at 791. Tellingly excluded from Respondent's earlier synopsis of *Boyko* is the court's conspicuous statement that failing to produce such files "would *not be due to [petitioner's] lack of diligence* in pursuing the matter earlier." *Id.* (emphasis added). As the Seventh Circuit stressed, "[t]he state court record would be incomplete through no fault of [petitioner's], and § 2254(e)(2) would *not* prevent him from supplementing the record in federal court." *Id.* (emphasis added). The facts of the instant case, moreover, are even graver than those in *Boyko*. The court in *Boyko* permitted discovery despite the petitioner having been granted a "full evidentiary hearing" in earlier state post-conviction proceedings. *Boyko*, 259 F.3d at 784. Here, however, Petitioner has been altogether denied any means of developing the factual basis of his claim of ineffective assistance of counsel by the state court.

Respondent also argues—again, outside the context of the opening clause of § 2254(e)(2)—that "Sanford [w]as a potential witness . . . that could . . . have been previously discovered through the exercise of due diligence." Dkt. 54, at 5. Respondent claims that "Sanford [was] petitioner's longtime family friend," and Petitioner "spoke with trial counsel regarding whether to call Sanford" and "raised th[is] claim in his postconviction petition." *Id.* at 5-6. Respondent's allegations here are likewise unconvincing.

10

There is nothing in the record—literally nothing—indicating that Sanford was Petitioner's "longtime family friend." Rather, Sanford has stated that he has "known [Petitioner] for many years before the shooting" and so, "would have recognized Norman Johnson by sight." Dkt. 9-1, at 3. That statement is particularly relevant because Sanford could credibly testify that "[n]either of the shooters resembles [Petitioner]." *Id.*, at 11. Respondent's allegations here are merely an unsubstantiated attempt to impeach the affidavit of Sanford by demonstrating some sort of bias, which does nothing to demonstrate fault, or a lack of due diligence as required by the opening clause of § 2254(e)(2). *See, e.g.,* Dkt. 54, at 12 (claiming without basis or citation that "Sanford was a biased witness").

Petitioner has exercised diligence in pursing the factual basis of his claim, thus excusing him from the conditions of § 2254(e)(2)(A)–(B). Respondent offers no arguments to the contrary, much less arguments that might establish fault within the meaning of § 2254(e)(2)'s opening clause.

## IV. Respondent Creates Its Own Requirement to Rule 6(a).

Respondent continues its opposition to the instant motion by finally reaching the dispositive standard in this case. Specifically, Respondent alleges that "the requested discovery is inappropriate under Rule 6(a)" because "[Petitioner] could only obtain relief if he could establish actual innocence." Dkt. 9–10. Respondent's allegation here is misguided and nothing in Respondent's citations supports such a requirement.

In *Bracy*, the Supreme Court reiterated that "good cause" is demonstrated where a petitioner "show[s] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is. . .. entitled to relief . . .." *Bracy*, 520 U.S. at 908-09. But the Court never went so far as to require a petitioner to *additionally* prove an actual innocence gateway to procedurally defaulted claims to meet Rule 6(a). Instead, the Court reiterated that a court must "first identify the 'essential elements' of [a] claim," (citations omitted), and then determine whether the facts alleged by a petitioner, if proven, "may" result in relief, *Id.* at 905, 908-09.

Indeed, the Seventh Circuit has understood *Bracy* to instruct courts to look to the constitutional claim advanced by a habeas petitioner, describing "the Rule 6(a) test [requiring] . . . a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation." *Hubanks*, 392 F.3d at 933; *see also Tabb*, 855 F.3d at 763-64.

None of the authority cited by Respondent states, much less holds, that a habeas petitioner must also "demonstrate actual innocence" before being entitled to discovery. Dkt. 54, at 10. Respondent instead creates an unknown requirement, a heightened standard for Rule 6(a) out of whole cloth. Petitioner has demonstrated "good cause" for his ineffective assistance of counsel claim under the actual standard established by *Bracy* and its progeny. *See* Dkt. 50-1; *supra*, at 2–5.

V. **Respondent's Allegations Concerning Trial Counsel's Failure to Call Sanford Only Bolsters the Instant Motion.**

Respondent also contends that Petitioner's claim of ineffective assistance of counsel claim is "entirely speculative" and Petitioner's "factual allegations . . . do

12

not rebut the presumption that counsel's conduct might be considered sound trial strategy." Dkt. 54, at 11. Respondent's arguments here are unpersuasive for two reasons.

First, Respondent errs in flipping the standard for discovery. Rule 6(a) asks whether a petitioner has made "a colorable claim showing that the underlying facts, *if proven*, constitute a constitutional violation." *Hubanks*, 392 F.3d at 933 (emphasis added); *see also Tabb*, 855 F.3d at 763-64. Here, Petitioner has made a colorable claim that trial counsel's failure to call Sanford was *not* based on strategy, or anything that "might be considered sound trial strategy" as Respondent contends. Thus, a constitutional violation of Petitioner's right to effective assistance of trial counsel would be demonstrated if "the underlying facts" are "proven." *Id.* Consequently, Petitioner is entitled to discovery under Rule 6(a).

Second, Respondent's allegation that Petitioner's claim is "entirely speculative" also fails to carry the day. Curiously, Respondent attempts to substantiate its claim by engaging in speculation itself, writing that trial counsel's failure to call Sanford "*suggests* that counsel believed it was more valuable to have the prosecution call Sanford." Dkt. 54, at 12. (Emphasis added). Even beyond speculation, Respondent again makes the unfounded allegation that Sanford "was a biased witness (longtime family friend of petitioner)," which supposedly justifies trial counsel's failure to call Sanford.

At most, Respondent's allegations only highlight the need for discovery. As the Seventh Circuit explained, a record devoid of any explanation for trial counsel's

13

shortcomings may meet even the exacting requirements of § 2254(e)(2), because "the state record does not contain sufficient factual information to adjudicate a [*Strickland*] claim" in federal court. *Jordan*, 831 F.3d at 849. Rather than engaging in a "fishing expedition" as Respondent claims, Dkt. 54, at 13, Petitioner here merely seeks to engage in limited discovery as to trial counsel's failure to call Sanford. The need for discovery is particularly necessarily given that one trial attorney of Petitioner has ceased communications after learning of the claim in this case, while the other cannot recall relevant facts of the case without first reviewing Petitioner's trial file. *See supra*, at 5.

## VI. Respondent's Request for A Stay Is Inappropriate.

Respondent urges this Court to stay these proceedings and "permit petitioner to seek leave to file a successive postconviction petition in state court." Dkt. 54, at 8. According to Respondent, the state courts "would allow petition to remedy the lack of a relevant record, for which he bears responsibility." *Id.* Despite a broad limitation in Illinois procedures which permits a prisoner only one post-conviction petition, Respondent asserts that the narrow exceptions to that state rule would allow Petitioner to pursue his claims in state court, "where he is supposed to exhaust his claims." *Id.* Respondent misunderstands the requirement of claim exhaustion in federal habeas proceedings.

For a habeas petitioner to exhaust his claims in state court, the petitioner "must give state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838,

14

842 (1999). Exhaustion requires a habeas petitioner to have "give[n] the state courts *one* full opportunity" to hear his claims. *Id.* at 845 (emphasis added). Petitioner has done just that in this case.

In his state post-conviction proceedings, Petitioner made the very same ineffective assistance of counsel claims as he does here. Those claims were predicated on the same facts, namely that Sanford was an exculpatory witness that Petitioner's trial counsel failed to call at trial. The state courts were thus "given . . . an opportunity" to review those claims, *O'Sullivan,* 526 U.S. at 845, but summarily dismissed those claims to do so for want of a notarized affidavit from Sanford. And when Petitioner explained that he could not comply with that state procedure, *see supra* at 9, n.1, the state appellate court held that excuse insufficient to avoid summary dismissal. *See People v. Johnson,* 2016 IL App (1st) 142544-U at ¶ 41.

Respondent's suggestion that a state court would hear Petitioner's previously raised claim strains credulity and such argument, if valid, was due in their response to the habeas petition not now. Staying these proceedings will prolong Petitioner's petition and it will be inappropriate to do so.

## CONCLUSION

WHEREFORE, Petitioner requests that his motion for limited discovery under Rule 6(a) of the Rules Governing § 2254 cases be granted and for any other relief this court deems equitable.

Respectfully submitted,

*/s/ J. Damian Ortiz*
Attorneys for Petitioner

15

J. Damian Ortiz, Esq., ARDC No. 6243609
Tareq M. Alosh, Ill. S. C. Rule 711 Law Graduate
**UIC School of Law, Pro Bono Litigation Clinic**
315 South Plymouth Court
Chicago, IL 60604
Ph: (312) 427-2737 x844
Email: jdortiz@uic.edu

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

<em><u>s/ J. Damian Ortiz</u></em>