IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN JOHNSON (R-10495), | ) | |
| Petitioner, | ) | **Case No. 1:17-cv-03997** |
| | ) | |
| v. | ) | **The Honorable John F. Kness** |
| | ) | |
| DAVID GOMEZ, Warden, | ) | Illinois State Court Conviction |
| Stateville Correctional Center, | ) | Case No. 09 CR 1017701 |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PETITIONER'S MOTION TO SUPPLEMENT HIS PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner, Norman Johnson ("Mr. Johnson"), submits his Motion to Supplement his Petition for a Writ of Habeas Corpus pursuant to Article I, §9 of the United States Constitution, the Sixth Amendment to the United States Constitution, 28 U.S.C. § 2243, and 28 U.S.C. § 2254. In support Mr. Johnson states as follows:

**INTRODUCTION**

Mr. Johnson moves this court for leave to supplement his habeas corpus petition that was filed on May 25, 2017. Mr. Johnson has attached: (1) a newly signed and notarized affidavit from Kimyona Taylor ("Taylor"), a former Cook County Public Defender Investigator who was assigned to Mr. Johnson's case and worked with Mr. Johnson's trial counsel; and (2) a supplemental affidavit from Andrew Sanford, an eyewitness to the shooting.

1

**BACKGROUND**

On May 25, 2017, Mr. Johnson filed his habeas corpus petition with this Court. The Court ordered Mr. Johnson to show cause why the petition should not be dismissed for being in procedural default. (Order, Doc. #4). This Court responded on September 26, 2017, discharging the show cause order. (Order, Doc. #10). The court ordered the Respondent to answer the petition. On October 31, 2017, Respondent did answer the petition. (Response, Doc. #12).

Mr. Johnson filed his Motion for Limited Discovery on August 4, 2021 (Motion, Doc #50). The motion was briefed and the Court held a status hearing on October 13, 2021 during which the Court made specific questions to both parties. Thereafter, the Court took the motion under advisement and for ruling. Ruling is still pending.

After locating and interviewing Ms. Taylor and Mr. Sanford and obtaining new information, Mr. Johnson moves to supplement his habeas corpus petition.

**ARGUMENT**

**I.     THIS COURT SHOULD ALLOW SUPPLEMENTATION OF KIMYONA TAYLOR'S AFFIDAVIT**

Mr. Johnson's recently obtained an affidavit from Kimyona Taylor, a former Cook County Public Defender investigator who was assigned to Mr. Johnson's case and worked with his trial counsel. See attached **Exhibit "A"**. In her affidavit, Taylor states that she never contacted Sanford before, during, or after the trial. Additionally, Taylor states that she never discussed the possible testimony of

2

Sanford with Mr. Johnson's trial attorney, Ruth McBeth ("McBeth"). McBeth never informed Taylor that Sanford was a witness to the crime. *Id.*

The fact that McBeth did not inform Taylor, her case investigator, that Sanford was an exculpatory witness shows that McBeth failed to conduct a reasonable pretrial investigation. It would be reasonable to assume that McBeth would at least inform her investigator of a possible exculpatory witness and to have Taylor at least interview Sanford. However, her failure to do so proves that her conduct fell below an objective standard of reasonableness. The Sixth Amendment provides that "the accused shall enjoy the right to ... have the Assistance of Counsel for his defense." To demonstrate that his right to counsel was violated by ineffective assistance, [Petitioner] must satisfy the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, he must show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S. Ct. 2052. Second, he must show that the deficient performance prejudiced the defense, which means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. 2052.

In *Campbell v. Reardon*, 780 F.3d 752 (7th Cir. 2015), the Court having determined that counsel's performance was deficient, at least based on affidavits … that we must treat as true at this stage of the case, next analyze whether it prejudiced Campbell. To establish prejudice, Campbell "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington v. Richter*, 562 U.S. 86, 104, 131 S. Ct. 770 (2011), quoting *Strickland,* 466 U.S. at 694, 104 S. Ct. 2052. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the likelihood of a different result must be "substantial, not just conceivable." *Id.* at 111–12, 131 S. Ct. 770. *See Campbell v. Reardon*, 780 F.3d 752, 763 (7th Cir. 2015).

Here, Petitioner in his petition and with the attached affidavit proves that his counsel failed to contact a key eyewitness which constitutes ineffective assistance of counsel and deficient representation like in *Campbell*. Therefore, this Court should allow Taylor's affidavit and find that Mr. Johnson's trial counsel was ineffective at trial.

## II. THIS COURT SHOULD ALLOW THE FILING OF ANDREW SANFORD'S SUPPLEMENTAL AFFIDAVIT

Additionally, Sanford's supplemental affidavit should also be admitted to be filed based on his recollection of the events. (See attached Exhibit "B"). In his affidavit, Sanford states that Mr. Johnson's trial counsel never made any attempt to contact him both before and during trial.

Given the fact that the State's three witnesses were significantly biased, their stories were factually at odds, and there was a lack of forensic evidence tying Mr. Johnson to the crime, it is reasonable to assume that the result of the proceeding would have been different if McBeth had called Sanford as a witness at trial. *See Campbell v. Reardon*, 780 F.3d 752 (7th Cir. 2015). Accordingly, Mr. Johnson has

4

satisfied the elements of his ineffective assistance of counsel claim and the attached *affidavits* bolsters his petition. (Emphases added).

## CONCLUSION

WHEREFORE, Norman Johnson requests that this Honorable Court enters an order giving him leave to supplement his petition for habeas corpus, and grant any other relief that this Court deems just and equitable.

Respectfully submitted,

**NORMAN JOHNSON**

BY: */s/ J. Damian Ortiz*
One of the attorneys for Petitioner

J. Damian Ortiz / ADRC. No. 6243609
Melanie Assad / 711 & Local Rule Law Student
**UIC School of Law**
**Pro Bono Litigation Clinic**
315 S. Plymouth Street
Chicago, Illinois 60604
Tel: 312-493-6700
jdortiz@uic.edu

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2022, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

*/s/ J. Damian Ortiz*