Case: 1:17-cv-03997 Document #: 73 Filed: 11/07/22 Page 1 of 9 PageID #:1664

FILED
11/7/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
MBH

In The United States District Court
For The Northern District Of Illinois
Eastern Division

Norman Johnson #R10495 )
    Petitioner, )
vs )   No. 17-cv-03997
Charles Truitt, Warden )   Honorable
    Respondent )   John F. Kness
                                Judge Presiding

SCANNED AT STATEVILLE CC and E-mailed
11-7-22 by JS 9 pages
date   initials   No.

### Petitioner's Motion For Omnibus Relief Necessary For Appeal

Now comes Petitioner Norman Johnson, in propria persona, in the above-entitled cause, pursuant to 28 USC. Sec 2253, 2254, Rules Governing Habeas Corpus Cases Under Section 2254, and applicable Federal Rules of Civil and Appellate Procedure[1] and moves in this Honorable Court for an Order for omnibus relief necessary for appeal as set forth herein and in support thereof, respectfully states as follows.

(1) That Petitioner Norman Johnson being originally before this Court upon filing [Doc 1] Petitioner For Writ of Habeas Corpus ("[1] Petition") on May 25, 2017, being represented at that time by The John Marshall Law School Pro Bono Program and Clinic (ie J. Damian Ortiz and

---

[1] Due to the recent temporary closure of Stateville Correctional Center and subsequent cancellation of Stateville Law Library, the individual currently providing legal assistance (ie Prisoner At Law ("PAL")) does not have access the Federal Rules of Civil and/or Appellate Procedures and/or research material, thus unable to cite specifically to the same except to the best of the PAL's recollection (see FN 2 infra)

Eric Zopf), but said attorneys are no longer representing Petitioner and is now relying on a Prisoner At Law ("PAL")[2]

(2) That on September 28, 2022, this Court issued [Doc 62] Memorandum Opinion And Order ("[62] Order") denying all relief (ie [1] Petition; [50] motion To Compel discovery; [58] Leave To File Affidavits supplementing [1] Petition; and declining to issue a Certificate of Appealability ("C.O.A")) and altered the caption of this case. (ie Johnson v Truitt) (See [62] Order; cf [61] Minute Entry; [63] Entered Judgment)

(3) That on October 21, 2022, previous counsel filed [64] Notice of Appeal[3] (Also see [Doc 66] Redocketing of [Docs] 61, 62, 63, 64, with Docket Statement printed 10/24/2022)

(4) That although notice of appeal generally divest this Court of jurisdiction, the relief being requested is within this Court's discretion as necessary for Appeal as "housekeeping" matters, and to save judicial time and economy

(5) That on October 31, 2022, Petitioner mailed Circuit Rule 3(c) Docket Statement to the United States Court of Appeals For The Seventh Circuit ("Court of Appeals") (See attached Exhibit "1 [A1-A3])

---

[2] "PAL stands for 'prisoner at law,' that is, a type of lay pro se assistant who aids prisoners in conducting legal research and preparing post-conviction motions." Flowers v. Gaetz, (No. 09-C-1303)(N.D.Ill. 2-20-2010), Memorandum Opinion And Order, issued by the Honorable United States District Court Judge, Rebecca R. Pallmeyer, Slip Opinion, f/n*6, at pages 11-12.

[3] Being unable to confirm previous filing by former counsel and upon advice of the PAL, to ensure a timely notice of appeal was filed, Petitioner E-Filed on October 25, 2022, a Notice of Appeal and related pleadings (See Par #7 infra)

-2-

(incorporated herein by reference)

(6) That on November 1, 2022, Petitioner filed "Plaintiff's Motion For Missing Court Documents At Government Expense" (mistakenly labeled "Plaintiff" instead of "Petitioner") (as of record, this Court may take judicial notice and same incorporated herein by reference) At the time of said submission on October 31, 2022, Petitioner and the PAL were temporarily being housed at MSU (see FN1 supra) and did not have access to Seventh Circuit Transcript Information Sheet and now has obtained the same and attached hereto as Exhibit "2" (A4) to supplement previously filed motion for Missing Documents.

(7) That along with the Notice of Appeal filed October 25, 2022 (see FN3 supra), Petitioner filed Motion For Extension To File A Motion For Certificate of Appealability ("Motion For Extension") (incorporated herein by reference), which to date, no ruling has been received by Petitioner.

(8) That upon review of the Court's [Doc(s) #47; #61] Orders, Petitioner was advised to request an order of stay and absence of Motion For C.O.A. based on the rulings which excused the alleged procedural default which was requested based on claim of actual innocence and ruled on the merits, holding inter alia "this Court's Finding of actual innocence would simply result in merits review of Petitioner's ineffective-assistance claim. The State court could then choose to defer to that finding and recognize a freestanding claim of actual innocence in separate proceedings" (see [Doc #1] at fn 3 at 9)

- 3 -

(9) That the most prudent course of action and in Petitioner's best interest, as well as to save judicial time and economy is to stay the filing of C.O.A and hold in abeyance the appeal to allow Petitioner to return to State Court to file a Successive Petition For Post Conviction Relief to raise a free standing claim of actual innocence and supplement the claim of ineffective assistance of trial and appellate counsel to avoid a fundamental miscarriage of justice (note: And unable to support with legal authority but reserves right to supplement request)

(10) That Respondents will in no way be prejudiced based on the fact in prior pleadings attorney for Respondent suggested this prudent course of litigation (See [54] Response at 18) Any inconvenience to the Court's docket schedule is outweighed by the subsequent miscarriage of justice which will occur without relief.

(11) That for either the Motion For Stay and Abeyance or for Motion For C.O.A, this Petitioner moves for a final extension of 30 days from receipt of the record on appeal (See Exhibit "3" [14]) to file Motion for C.O.A on time as set by this Court, takes into consideration the limited circumstances of Stateville Correctional Law Library and grant such other relief deemed necessary just, equitable and appropriate in the case sub judice

Respectfully submitted
*Norman Johnson*
Norman Johnson Pro Se
Reg No R10995
Stateville Correctional Center
P.O.Box 112 House 53
Joliet Illinois
Petitioner Pro Se

-4-

# AFFIDAVIT OF AFFIRMATION

I, __Norman Johnson__, affiant, do hereby declare and affirm under the penalty of perjury as defined in 735 ILCS5/1-109, 28USC 1746 or 18 USC 1621 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing document(s) is/are known to me and is/are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this __7th__ day of __November__, 20__22__.

*Norman Johnson*
Norman Johnson   Affiant
Reg No. R10795
Stateville Correctional Center
P.O. Box 112   Rm. 53
Joliet, Illinois  60735

-5-

Exhibit #1
(1 of 3)
[A1-A3]

No 22-2891

United States Court of Appeals
For The Seventh Circuit

| | |
|---|---|
| Norman Johnson | ) Appeal From the United States |
| Petitioner-Appellant | ) District Court for the Northern |
| | ) District of Illinois, Eastern Division |
| vs | ) No 17-cv-03997 |
| Charles Truitt, Warden, | ) Honorable |
| Respondent-Appellee. | ) John F. Kness |
| | ) Judge Presiding |

Circuit Rule 3(c) Docket statement

Now comes Petitioner Norman Johnson, in propria persona, in the above-entitled cause, pursuant to Seventh Circuit Local Rule 3(c) and moves in this Honorable Court to submit this instant Docket statement

(1) Appeal is taken from a final order of the United States District Court for the Northern District of Illinois dismissal of Petitioner Norman Johnson's Petition For Writ of Habeas Corpus By A Prisoner In State Custody pursuant to 28 USC Sec 2254.

(2) Jurisdiction of the District Court lay pursuant to 28 USC 1331, 28 USC Sec 2241 and 28 USC Sec 2254 and Rules Governing Habeas Corpus Cases Under Section 2254 Rule 11

(3) Jurisdiction of the United States Court of Appeals for the Seventh Circuit lay pursuant to 28 USC Sec 1291 and 28 USC Sec 2253(a).

A1

(4) The judgment of the District Court, denying Petitioner's Habeas Petition and Certificate of Appealability, that Petitioner is seeking review of was entered on September 28, 2022. A timely notice of Appeal was filed October 25, 2022 by Petitioner pro se [1], along with a Motion For Extension To File A Motion For Certificate of Appealability ("C.O.A."), which no order has been received at time of this filing

(5) Petitioner will be paying the required filing fees of $505.00 (ie $500. docket fee plus 5. notice of Appeal filing fee to the District Court by submitting payment request to prison officials on November 7, 2022, whereas the Appeal was docketed on October 29, 2022 and pursuant to Fee Notice and Order dated 10/25/2022 [Dist Doc 65] [C.a Doc 1-3] which was received on October 29, 2022, requirement payment within 14 days of 10/29/2022 (ie November 7, 2022), pursuant to the mail box rule, being timely submitted. It will be noted. Petitioner has no control over how long prison officials will take to process said request for payment and any failure to timely submit said payment must not be held against Petitioner

Respectfully submitted
Norman Johnson
Norman Johnson Pro Se
Reg No R10475
Stateville Correctional Center
P.O Box 112 Rm 53
Joliet Illinois 60434

---

[1] It will be noted, previous counselor representing Petitioner in the District Court filed a Notice of Appeal on October 21, 2022 [Dist Doc 64] but without confirmation of said filing and upon advice of a Prisoner At Law ("PAL"), to ensure a timely notice of Appeal was filed and to obtain necessary time to file C.O.A. Petitioner E-Filed said filings as set forth in Par "4 supra. A2

- 2 -

## Affidavit of Affirmation

I, Norman Johnson, Affiant, do hereby declare and affirm under the penalty of perjury pursuant to 28 USC Sec 1746, that everything contained in Circuit Rule 3(c) Docket Statement is true and correct based on my personal knowledge and belief and I affix my hand to sign and execute on this 29th day of October, 2022 as to the truth of said information, with this matter being taken in good faith.

/s/ Norman Johnson
Norman Johnson, Affiant

## Notice of Filing / Certificate of Service

To: Honorable Clerk of the US Court of Appeals for Seventh Circuit
c/o Office of the Clerk of the Court, 20th Floor
219 South Dearborn Street, Chicago, Illinois 60604    (Original + 2 copies)

To: Honorable Attorney General for State of Illinois
c/o Office of Illinois Attorney General, 100 W. Rudolph Street
Chicago, Illinois 60601    (1 copy)

Please Take Notice on October 31st, 2022, I have placed Circuit Rule 3(c) Docket Statement in the Institutional Mail at Stateville Correctional Center, properly addressed to the above listed persons for mailing through the US Postal Service pursuant to IDOC mail policy and Mail Box Rule. Pursuant to 28 USC Sec 1746, I declare under the penalty of perjury that I am Petitioner in this cause of action, that I have read the foregoing document and the information contained herein is true and correct based on my personal knowledge and belief.

/s/ Norman Johnson
Norman Johnson, Affiant
Reg No R10495
Stateville Correctional Center
P.O. Box 112 Route 53
Joliet, Illinois 60434
Petitioner Pro Se    A3

Prepared by A
Prisoner At Law ("PAL")

-3-

## SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET

**PART I** – Must be completed by party or party's attorney pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure and Rule 11(a) of the Circuit Rules. The appellant must file this form with the court reporter within 14 days of filing the notice of appeal, whether transcript is being ordered or not. (FRAP 10(b)(1)) Satisfactory arrangements with the court reporter for payment of the costs of the transcripts must also be made at that time. (FRAP 10(b)(4)) (Note: Appellees as well as appellants are expected to use this form when ordering transcripts.)

| | |
|---|---|
| Short Title: Norman Johnson #R10495 vs Christ. Tr. H. Warden | District: Northern <br> D.C. Docket No.: 17-CV-03997 <br> District Judge: John F. Kness <br> Court Reporter: unknown |

[X] I am ordering transcript.
[ ] I am not ordering transcript because:
[ ] The transcript has been prepared.

Sign below and return original and one copy to court reporter. Distribute remaining copies to the Clerk of the District Court and opposing party, retaining one copy for yourself.

Indicate proceedings for which transcript is required. Dates must be provided:

[ ] Pretrial proceedings. Specify: _____
[ ] Voir Dire
[X] Trial or Hearing. Specify: Status Hearings [Doc(s)] 49 53 57   Date(s): 6/7/21 8/10/21 10/13/21
[ ] Opening statement
[ ] Instruction conference
[ ] Closing statements
[ ] Court instructions
[ ] Post-trial proceedings. Specify: _____
[ ] Sentencing
[X] Other proceedings. Specify: [Doc(s) "9 "10 "12 "16 "40 "47 "50 "58 "60]   8/24/17 9/26/17 10/31/17 12/22/17 7/31/20 5/20/20 8/4/21 3/22/22 3/25/22

Method of Payment: [ ] Cash   [ ] Check or Money Order   [X] C.J.A. Voucher
Status of Payment: [ ] Full Payment   [ ] Partial Payment   [ ] No Payment Yet

Signature: s/Norman Johnson #R10495
Address: Stateville Correctional Center, PO Box 112 Unit 53 Joliet Illinois 60434
Telephone No.: N/A
Date: November 7, 2022

**PART II** – Must be completed by Court Reporter pursuant to Rule 11(b) of the Federal Rules of Appellate Procedure. By signing this Part II, the Court Reporter certifies that *satisfactory arrangements for payment have been made.*

| U.S.C.A. Docket No. | Date Order Received | Estimated Completion Date | Estimated Length |
|---|---|---|---|
| | | | |

Signature of Court Reporter: s/   Date: _____

NOTICE: The Judicial Conference of the United States, by its resolution of March 11, 1982, has provided that a penalty of 10 percent must apply, unless a waiver is granted by the Court of Appeals' Clerk, when a "transcript of a case on appeal is not delivered within 30 days of the date ordered and payment received therefor." The penalty is 20 percent for transcript not delivered within 60 days.

Original to Court Reporter. Copies to: • U.S.C.A. Clerk • Service Copy • District Court Clerk and to • Party / Counsel Ordering Transcript.