IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Norman Johnson (R-10495), | ) | |
| | ) | |
| Petitioner, | ) | Appellate Court No. 22-2891 |
| | ) | District Court No. 17-cv-03997 |
| v. | ) | |
| | ) | Judge John F. Kness |
| Charles Truitt, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Norman Johnson's *pro se* motions to obtain the record at Government expense for his appeal (Dkt. 71) and for "Omnibus Relief" (Dkt. 73) are denied without prejudice. The Clerk of this Court shall send this order to Petitioner at Stateville Correctional Center; to his attorney of record with the University of Illinois, Chicago Pro Bono Clinic; and to the Clerk of the United States Court of Appeals for the Seventh Circuit. See accompanying Statement for details.

## STATEMENT

On September 28, 2022, this Court denied Petitioner Norman Johnson's 28 U.S.C. § 2254 petition for federal habeas corpus relief. (Dkt. 62.) That opinion declined to decide whether Petitioner satisfied the actual-innocence exception to procedural default, and denied his claim of ineffective assistance of counsel on the merits. *Id.* at 7-10. Addressing the merits of his claim that trial counsel was ineffective for failing to call an eyewitness at trial, this Court determined that Petitioner could establish neither prong for the claim. *Id.* at 10-19. Petitioner's attorney in this case (the Pro Bono Clinic at University of Illinois, Chicago) filed a notice of appeal. (Dkt. 64.)

Before this Court are two pro se motions filed by Petitioner: (1) to obtain the "production of missing court documents" at Government expense (Dkt. 71); and (2) to stay appellate court proceedings before the Court of Appeals while Petitioner brings his freestanding actual-innocence claim in state court. (Dkt. 73.)

---

[1] The caption of the Court's order (Dkt. 70) entered on October 27, 2022 incorrectly listed Randy Pfister as the Warden of Stateville Correctional Center.

**(1) Motion for Documents at Government Expense:**

Petitioner requests a court order for "the production of missing court documents at Government's expense." (Dkt. 71, pg. 1.) The documents listed in the motion, however, are filings in this Court (his petition, Respondent's answer, Petitioner's reply, court orders, etc.), and are already part of the record. *Id.* at 2. To the extent Petitioner seeks to add documents to the record and wants costs required for the production of such documents to be at public's expense, he should resubmit his request in this Court and include a completed *in forma pauperis* (IFP) application. *See* Fed. R. App. P. 24(a)(2); 28 U.S.C. § 753(f). Petitioner paid the $505 appellate filing fee for his appeal (Dkt. 72), and whether he can obtain documents at the public's expense is thus unclear. But to the extent he can, he must demonstrate his inability to pay the expenses for obtaining the documents. Petitioner included no *in forma pauperis* (IFP) application with his motion.

In addition, Petitioner is still represented by the UIC Pro Bono Clinic ("Clinic"). Although he states the Clinic only filed the notice of appeal, and is not representing him on appeal (*see* (Dkt. 71, pg. 1), the Clinic has never asked to withdraw, and it is still listed as attorney of record for Petitioner. An attorney with the Clinic should be able to provide Petitioner with the record. If and when an attorney with the Clinic does deliver the record to Petitioner, the attorney should notify this Court in writing.

**(2) Motion to Stay Appellate Case:**

Petitioner's "Motion for Omnibus Relief" seeks to stay his appeal before the Court of Appeals for the Seventh Circuit while he brings his actual-innocence claim in state court. (Dkt. 73.) This Court's September 28, 2022 opinion explained that the Court declined to decide whether Petitioner satisfied the actual-innocence exception to procedural default because his claim of ineffective assistance of counsel was more easily resolvable, and because this Court's decision of the gateway actual-innocence issue could affect Petitioner's freestanding claim of actual-innocence filed in state court if he decided to bring one. (Dkt. 62, pg. 7-10.) Petitioner's current motion seeks to stay his case in the Court of Appeals while he pursues a freestanding actual-innocence claim in state court. This Court, however, lacks the power to stay proceedings in the Court of Appeals. If Petitioner wants to stay his appellate case, he must ask the Court of Appeals to do so.

For the reasons stated above, Petitioner's current motions are both denied without prejudice. If he seeks the production of documents not already in the record, Petitioner may file a motion to expand the record with an IFP application demonstrating his inability to pay the expense. If he seeks to stay his appellate case while he pursues a freestanding actual-innocence claim in state court, he must ask the Court of Appeals for that relief.

SO ORDERED in No. 17-cv-03997.

Date: November 8, 2022

_____
JOHN F. KNESS
United States District Judge